IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Marketta Denise Humes-Jones,<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) 　1:10cv228 (GBL/JFA) |
| Dr. Jamalden a/k/a<br>Dr. Abdul Jamaludeen,<br>　　Defendant. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

Marketta Denise Humes-Jones, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that her rights under the Eighth Amendment were violated when defendant Dr. Jamaludeen was deliberately indifferent to her chronic foot pain during her incarceration at the Virginia Beach Correctional Center ("VBCC"). By Order dated March 25, 2010, plaintiff was informed that the allegations in her initial complaint failed to state a claim for § 1983 relief, that she had named no defendant amenable to suit under § 1983,[1] and that her claim appeared to be time-barred. In deference to her pro se status, plaintiff was allowed an opportunity to particularize and amend her allegations. Plaintiff submitted an amended complaint on April 20, 2010, naming Dr. Abdul Jamaludeen (incorrectly identified as "Dr. Jamalden") as the sole defendant. The amended complaint did not address the issue of timeliness

---

[1]The sole defendant named in the initial complaint was the VBCC, which is not a "person" for purposes of § 1983 liability. See West v. Atkins, 487 U.S. 42 (1988) (to state a § 1983 cause of action, plaintiff must allege facts indicating he was deprived of rights guaranteed by the Constitution or laws of the United States and that the deprivation resulted from conduct committed by a person acting under color of state law).

1

directly, and because there was insufficient information before the Court to determine with confidence whether plaintiff's claim was time-barred, the amended complaint was filed on June 11, 2010, a Notice of Lawsuit and Request for Waiver of Service of Summons was sent to the defendant, and he was directed to file an answer or other responsive pleading to the complaint. On August 9, 2010, Dr. Jamaludeen filed an answer, a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, and a supporting memorandum with exhibits. Defendant also filed the Notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) Local Civil Rule 7(K), giving plaintiff the opportunity to file responsive materials, and plaintiff has filed no reply. For the reasons that follow, defendant's motion for summary judgment will be granted, and final judgment will be entered in his favor.

## I. Background

The following material facts are uncontested. Plaintiff was incarcerated at VBCC from November 20, 2006 until July 14, 2008, when she was transferred to the Norfolk City Jail. She is now housed at Fluvanna Correctional Center for Women. Jamaludeen Aff. ¶ 2. Four weeks before arriving at VBCC, plaintiff underwent flat foot reconstructive surgery. On November 21, 2006, the day after she arrived at VBCC, plaintiff was seen in the medical unit for a complaint that her left foot was swollen and very painful. Examination revealed that the foot was swollen but showed no signs of infection, and plaintiff was prescribed Motrin and an Ace bandage. In addition, a doctor's order was written to plaintiff's housing unit that she was to receive an extra mattress. Jamaludeen Aff. ¶ 4.

Plaintiff submitted a health services request on November 28, 2006, and she was seen by

2

medical staff the following day. Plaintiff complained of left foot pain and requested pain medication, and she was prescribed Naprosyn, an anti-inflammatory. Jamaludeen Aff. ¶ 5. Plaintiff was seen in medical again on December 13, 2006, in response to a health services request describing an aching pain in her foot, and when the foot was determined to be tender to palpation plaintiff was prescribed special medical shoes. Jamaludeen Aff. ¶ 6. On December 20, 2006, Plaintiff submitted a health services request form regarding cold symptoms, but when she was seen in medical on January 5, 2007 she registered additional complaints of foot pain, and she again was prescribed Naprosyn in addition to receiving treatment for her cold. Jamaludeen Aff. ¶ 7. On January 9, 2007, plaintiff requested health services for an infected ingrown fingernail, and when she was seen in the medical unit on January 10 her Naprosyn was discontinued. Jamaludeen Aff. ¶ 8.

On February 6, 2007, plaintiff again complained of foot pain, and was seen in the medical unit that same day. At that point she was prescribed Tylenol III, which contains codeine. Jamaludeen Aff. ¶ 9. At a February 16, 2007 visit to the health unit for multiple complaints, including swelling in her foot, plaintiff was advised to continue her complete plan of care and medications. Jamaludeen Aff. ¶ 10. On February 28, 2007, plaintiff submitted a health services request regarding continued swelling and requesting a "foot stimulator." She was seen in medical on February 28 and was found to be in no acute distress. Plaintiff was advised that due to security protocol, she was not allowed to have a foot stimulator at VBCC, and she was prescribed Tylenol III for her pain. Jamaludeen Aff. ¶ 11. On April 18, 2007, plaintiff submitted a health services request form complaining of "excruciating" pain in her foot and asking for a new

3

Tylenol prescription. She was seen in medical two days later and was prescribed Tylenol III. In response to plaintiff's renewed request for a foot stimulator, she was told that it was not permitted at the jail. Jamaludeen Aff. ¶ 12.

On July 12, 2007, plaintiff again sought medical attention for pain in both of her feet, and requested an outside medical appointment with a podiatrist, Dr. Diaz. Plaintiff was seen in the medical department on July 18, and her left foot was found to be tender to palpation. She was diagnosed with plantar fasciitis, an irritation and swelling of the tissue on the bottom of the foot that is often characterized by pain in the heel. Plaintiff was told that exercises for her condition would be explored. Jamaludeen Aff. ¶ 13. In response to a health services request submitted on August 2, 2007, plaintiff was seen on August 3, and an x-ray was taken of her foot and sent for reading to an off-site orthopedic surgeon, Dr. Kirven. Jamaludeen Aff. ¶ 14. At three additional medical visits in August, 2007, plaintiff was prescribed Tylenol III, she was observed to be ambulating and in no acute distress, and she was given a doctor's order permitting her to wear different orthopedic shoes. Jamaludeen Aff. ¶ 14 - 15.

On September 6, 2007, a doctor's order was sent to the floor deputies that plaintiff was to have no shackles on her feet. Jamaludeen Aff. ¶ 16. On September 12, it was determined in a visit to the medical department that plaintiff had old scar tissue around her surgery site, and Dr. Jamaludeen wrote an order permitting plaintiff to wear athletic shoes for her comfort. Jamaludeen Aff. ¶ 17. When plaintiff was seen by medical on September 26, 2007, she was prescribed Mobic, an anti-inflammatory, for her complaints of foot pain. Jamaludeen Aff. ¶ 18.

On October 6, 2007, plaintiff submitted a health services request form complaining of

severe left foot pain. She was seen in medical on October 8, and it was determined that she had a decreased range of motion with pain. Plaintiff was advised to continue her Mobic prescription for pain and swelling. Jamaludeen Aff. ¶ 19.

On October 18, 2007, Dr. Jamaludeen received correspondence from Dr. Diaz, the podiatrist, who had also been provided with plaintiff's x-ray. Dr. Diaz opined that the x-ray revealed a fracture across the fusion site at plaintiff's navicular cuneiform joints, and that surgery would be required to stabilize the fracture and re-fuse the joint. Dr. Jamaludeen deferred to Dr. Diaz's recommendation for surgery. Jamaludeen Aff. ¶ 20. After four additional medical visits during the intervening months, where plaintiff received additional prescriptions for Tylenol III and an anti-inflammatory, Feldene, Jamaludeen Aff. ¶ 21 - 24, plaintiff received clearance for surgery to her left foot on February 11, 2008. The next day, February 12, 2008, she underwent an open reduction internal fixation on her left foot. On February 19, 2008, plaintiff was seen in the VBCC medical unit for complaints of pain in her foot, and it was determined that while plaintiff was not in acute distress, she did have pain in her left foot post-surgery, and she was prescribed Vicodin. Plaintiff was seen again on February 27, 2008, after the surgical staples had been removed from her foot, and no edema was present. Jamaludeen Aff. ¶ 25.

On February 28, 2008, plaintiff was seen by Dr. Diaz, who prescribed Vicodin and Motrin but stated that equivalent medication could be given. It was noted that plaintiff's wound was well coated, there were no signs of infection, and new x-rays revealed good alignment. Jamaludeen Aff. ¶ 26. After two additional visits to the VBCC medical unit, when plaintiff's cast was checked and she was prescribed Tylenol III, she was seen again by Dr. Diaz on March

25, 2008. Dr. Diaz noted decreased pain and edema in plaintiff's left foot, and advised plaintiff to continue using her walker. Jamaludeen Aff. ¶ 26 - 27. Plaintiff received a Tylenol III prescription at the VBCC medical department on April 30, 2008, and she was seen for an additional follow-up by Dr. Diaz on May 15, 2008, who determined that she was ambulating with her walker and her hardware was intact. Jamaludeen Aff. ¶ 29. Plaintiff received one additional prescription for Tylenol III at VBCC before she was transferred to the Norfolk City Jail on July 14, 2008. Jamaludeen Aff. ¶ 30.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that

party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. " [T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Summary judgment in favor of defendant Dr. Jamaludeen on plaintiff's claim of deliberate indifference to her serious medical needs is appropriate because the pleadings, affidavits, and exhibits on file demonstrate that the claim is both time-barred and without merit.[2]

A. The Claim is Time-Barred

There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia

---

[2]Defendant also argues that plaintiff's claim is subject to dismissal because plaintiff did not fully exhaust her institutional administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies before bringing suit under § 1983). Although this position is well taken, see Williams Aff., the uncontested evidence before the Court clearly demonstrates that plaintiff's claim is entirely without substantive merit, and under such circumstances the Court will enter judgment in defendant's favor.

7

Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 F. App'x 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). While the limitation period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). Causes of action accrue under federal law when the plaintiff is "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24(1979). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)).

In this case, plaintiff alleges that she was in "severe pain" when she was incarcerated at VBCC on November 20, 2006. Am. Compl. at 4. Indeed, exhibits supplied by the defendant demonstrate that plaintiff submitted the first of her many requests for health services related to her foot pain the very next day, on November 21, 2006. Jamaludeen Aff. ¶ 4. In the initial complaint, plaintiff asserts that by "2007 ("the end part") she was in sufficient distress that her lawyer went to court to seek medical attention for her foot. Under these circumstances, according to her own allegations, plaintiff possessed sufficient facts about the harm allegedly done to her that reasonable inquiry would have revealed her cause of action at the latest in "the

8

end part" of 2007, but the instant complaint was not filed until on or about February 27, 2010.³

Since at that point over two years had elapsed since plaintiff's cause of action had accrued, Nasim, 64 F.3d at 955, her claim is time-barred.

## B. The Claim is Without Merit

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Second, he must allege deliberate indifference to that medical need. Under this second prong, an

---

³ A pleading filed by an unrepresented prisoners is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). While the complaint in this case does not expressly indicate that date, plaintiff executed both the complaint and her Verified Statement concerning her exhaustion of administrative remedies on February 27, 2010, and the envelope containing the complaint was date-stamped as received by the Clerk on March 3, 2010.

assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, plaintiff's ongoing post-operative foot pain which eventually was determined to stem from a fracture at the fusion site was a sufficiently serious condition to satisfy the first component of an actionable claim. However, the uncontested evidence supplied by the defendant belies any suggestion that he was deliberately indifferent to plaintiff's needs. The chronology outlined above demonstrates that while plaintiff was confined at VBCC and being treated by Dr. Jamaludeen, she was seen in the medical department every time she submitted a health request form. She received multiple prescriptions for pain and anti-inflammatory medications; she was given orders for special shoes, an extra mattress, and directions that she was not to be shackled. Her foot was x-rayed, and she was provided with surgery to alleviate her condition, including numerous pre-and post-operative visits to offsite medical specialists. In short, it is readily apparent that defendant was not deliberately indifferent to plaintiff's medical needs, either through actual intent or reckless disregard, Estelle, 429 U.S. at 106, and the fact that plaintiff

disagreed with defendant over the course of her treatment does not entitle her to relief under § 1983. Wright, 766 F.2d at 849.

Under these circumstances, defendant has met his burden as the party moving for summary judgment to show that he is entitled to judgment as a matter of law on plaintiff's claim. Celotex, 477 U.S. at 322 - 23. Plaintiff has filed nothing in reply, so it is apparent that no disputed issues of material fact require resolution in this action. Anderson, 477 U.S. at 248. Defendant thus is entitled to the entry of summary final judgment in his favor.

## IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be granted, and summary judgment will be entered in his favor. An appropriate Order and Judgment shall issue.

Entered this 14th day of February 2011.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge